ELY v. ELLINGTON.

To entitle a person to a right of pre-emption under the act of Congress for that purpose, he must either be twenty-one years of age, or the head of a family.

Appeal from the Circuit Court of Platte county.

WOOD for Appellant.

DONIPHAN for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

Alpheus Ellington, a minor, by his next friend, instituted his action of forcible entry and detainer before a justice of the peace against Thomas S. Ely. After the party was summoned, the proceedings in the cause were, at the instance of the plaintiff, removed by writ of certiorari into the circuit court. Judgment there was given in *the cause against* the defendant, and to reverse it, he appeals to this court.

The testimony preserved in the bill of exceptions shows, that in the year 1838, one Grayson purchased the land in dispute from one Butler, and in the spring of the year 1839, he sold the same to Pleasant Ellington, the father of the plaintiff and appellee, who was then living in Clay county; that in the spring and summer of 1839, said Pleasant Ellington made other improvements on said land, and raised a crop there, but never moved on it; that no person ever entered on the land until the last of January, 1841, when the defendant entered on the said land, and built a cabin on the same quarter section, about two or three hundred yards from that of the plaintiff; that the plaintiff was a young man of about eighteen years of age, and had a negro woman living with him, the property of his father; cooking for him; that he sometimes had negro men belonging to his father with him, assisting him in making fences and putting in his crop; that all the other sons of Pleasant Ellington were married, and had left their father, and that the plaintiff had been sometimes at the house of his father since he took

possession of the land in controversy, particularly whilst his <span style="float:right">APRIL TERM. 1842.</span> father was absent in Kentucky; that there is a log cabin on said land, and seven or eight acres of cleared land; and that <span style="float:right">Ely v. Ellington.</span> it was in the years 1839 and '40 in cultivation; that the clearing is on land of the United States, and the defendant built his cabin in the woods, outside of the plaintiff's enclosure.

Several witnesses testified to the same facts. Several instructions were asked by the plaintiff and defendant respectively, and given by the court. One, however, asked by the defendant, was refused. It was this, "That if they find from the evidence that the plaintiff, at the time of entry by the defendant on the premises in controversy, was not over the age of nineteen years, and not the head of a family, and that the defendant did not enter into either the house or the field on said land, but made his, the defendant's, entry into wild land, which is property of the United States, they then must find for the defendant."

The act of congress requires the pre-emptioner to be either one and twenty years old, or to be the head of a family. This instruction should then have been given to the jury.

<span style="float:right">To entitle a person to a right of pre-emption under the act of congress for that purpose, he must either be twenty-one years of age, or the head of a family.</span>

For although a jury, from the evidence given, might well have found the plaintiff to be the head of a family, yet the refusal of this instruction seems to imply that it was not necessary to be proved that he was the head of a family. If we do not regard the plaintiff as one entitled to a pre-emption, and consequently to the possession of a quarter section, the defendant, Ely, could not, by his act of settling near the plaintiff, Ellington, become a trespasser against him. Because then this instruction was not given, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings conformably to this instruction.